UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JOSEPH MALTESE,

    Plaintiff,

v.

SMARTWATER CSI, LLC,
a foreign limited liability company

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, JOSEPH MALTESE, (hereinafter referred to as "Plaintiff" or "MALTESE) by and through his undersigned attorney, hereby file this Complaint against Defendant, SMARTWATER CSI, LLC, a foreign limited liability company (hereinafter referred to as "Defendant" or "SMARTWATER") and as grounds hereby states as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA"), for minimum wage violations and unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant, SMARTWATER, has a principal place of business located at 500 W. Cypress Creek Road, Suite 560, Fort Lauderdale, Florida 33309.

6. This cause of action arose in Broward County.

7. Broward County is proper venue for this action because Defendant is located in Broward County; Plaintiff was employed by Defendant in Broward County, Florida.

## COMMON ALLEGATIONS

8. Plaintiff was employed with Defendant from on or about August 1, 2014 up to and including his separation on February 11, 2015.

9. Plaintiff position was that of Director of Commercial Development with responsibilities that included sales and marketing development.

10. Plaintiff's job duties did not include any decision-making authority to hire, terminate, promote or give instruction to other employees. Further, Plaintiff no employees directly reporting to him.

11. Defendant failed to pay Plaintiff overtime premiums as required under federal law.

12. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

13. Defendant at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

14. Plaintiff regularly worked over forty (40) hours in a given work week.

15. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

16. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF FLSA 29 U.S.C. § 207

Plaintiff re-alleges Paragraphs 1 through 16 as set forth herein.

17. Plaintiff is a covered non-exempt employee who is entitled to overtime compensation for all he hours worked in excess of forty (40) hours per week.

18. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

19. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by Defendant.

20. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

21. Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

22. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

23. As a direct and proximate result of the Defendant's action, Plaintiff has suffered damages.

24. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant as follows:  That Plaintiff be awarded back overtime payments, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

Plaintiff further demands trial by jury.

Dated this 23rd day of July, 2015.

>s/Cathleen Scott
>Cathleen Scott, Esq.
>Florida Bar No. 135331
>Primary e-mail: CScott@csapalaw.com
>Secondary e-mail: mail@csapalaw.com
>Jennifer Parker, Esq.
>Florida Bar No. 70204
>Primary e-mail: JParker@csapalaw.com
>Secondary e-mail: mail@csapalaw.com
>CATHLEEN SCOTT & ASSOCIATES, P.A.
>Jupiter Gardens
>250 South Central Boulevard
>Suite 104-A
>Jupiter, FL 33458
>Telephone:   (561) 653-0008
>Facsimile:    (561) 653-0020
>Secondary Address:  101 Northpoint Parkway
>West Palm Beach, FL 33407
>www.FloridaLaborLawyer.com